UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2013 JAN 18 P 4: 04

ANN MARIE DILIBERO

VS.                                      C.A. No:

THE BANK OF NEW YORK
MELLON TRUST COMPANY AS
TRUSTEE FOR STABFUND
SUB CA RESIDENTIAL
MORTGAGE TRUST, ALIAS,
USA RESIDENTIAL PROPERTIES,
LLC, ALIAS,
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, ALIAS,
AND JOHN DOE, ALIAS

CA 13- 040 M

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, INTERFERENCE WITH CONTRACTUAL RELATIONSHIP, DAMAGES, VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, AND INJUNCTIVE RELIEF

The Plaintiff, Ann Marie Dilibero, by her Attorney, complains of the Defendants as follow:

## COUNT I
## DECLARATORY JUDGMENT

1.    Plaintiff Ann Marie Dilibero is a resident of the State of Rhode Island with an address of 9 Jencks Road, Foster, Rhode Island 02825.  The Plaintiff owns said real estate located at 9 Jencks Road, Foster, Rhode Island 02825.

2.    Defendant John Doe is any entity, which has an interest in the Plaintiff's mortgage and/ or promissory note.

3.    Defendant USA Residential Properties, LLC, Alias ("USA Residential") claims to be the owner of the Plaintiff's real estate.  Defendant

Rushmore Loan Management Services, LLC, Alias ("Rushmore") claims to be a loan servicer for the Plaintiff's loan.  It is a loan servicer.

4.     New Century Mortgage Corporation ("New Century") was the nominal originator of the Plaintiff's loan.

5.     The Bank of New York Mellon Trust Company, N.A. as trustee for StabFund Sub CA Residential Mortgage Trust ("StabFund") is a Defendant Trust which claimed to own the Plaintiff's mortgage and note.

6.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign entities with a principal residence outside of the State of Rhode Island.

7.     The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

8.     All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

9.     This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

   a.     The provisions of the Declaratory Judgment Act 28 USC Sec. 2201 et seq., 1 grant this Court jurisdiction over questions of law and equity.  The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from taking adverse action on the subject property owned by the Plaintiff at 9 Jencks Road, Foster, Rhode Island 02825.

   b.     The provisions of the Declaratory Judgment Act, 28 USC Sec. 2201 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, powers of attorneys, and deed.  The Plaintiff asks that the alleged foreclosure deed be declared invalid and that the Court decide that the mortgage and note are not held by any of the Defendants and that said Defendants lacked standing to enforce the note or to foreclose on the mortgage.

c.  The provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 USC 1692e and 15 USC Sec 1692f grants subject matter jurisdiction to this Court over actions of Rushmore, which has taken or threatened to take a non-judicial action to effect dispossession of the Plaintiff of his property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

10.  The Plaintiff executed a mortgage to New Century on January 13, 2007.  A copy of the mortgage is attached as Exhibit A.

11.  On about August 24, 2012, Rushmore, acting on behalf of USA Residential, authorized its attorneys, Harmon Law Offices, P.C., to file a Complaint for Eviction of Tenant-by-Sufferance against the Plaintiff and the Plaintiff's Tenants (Exhibit B).  This Complaint was filed in order disposes the Plaintiff of her property.  The basis for this allegation that this action is fraudulent is the following fact:

a.  The Complaint was filed to create the illusion of standing to allow USA Residential to evict the Plaintiff even though the loan had been allegedly securitized when New Century originated it.  Rushmore thus fraudulently sought to evict the Plaintiff and her Tenants by claiming that USA Residential was the holder of the mortgage, even though it later asserted that StabFund Trust owned the Mortgage and Note at the time of the alleged foreclosure.  Thus this fraudulent "Complaint for Eviction" was filed.

12.  The Plaintiff is entitled to a Declaratory Judgment that the alleged foreclosure was invalid and that USA Residential does not own the mortgage, note, or property.

## COUNT II
## BREACH OF CONTRACT

13.  Paragraphs 1-12 are incorporated by reference.

14. The Plaintiff never received any default letter from the owner of the note and the mortgage and any alleged foreclosure proceedings were invalid because no notice was sent to the Plaintiff pursuant to law and to the terms of the mortgage. Rhode Island law and the terms of the mortgage mandate that prior to commencing a foreclosure by a default letter and power of sale, a party actually own the note and the mortgage by way of transfer and/or assignment.

15. None of the provisions of paragraph 22 of the mortgage were complied with before an acceleration of the loan was declared. The Owner of the Note and the Mortgage was required to specify:

    a.    the default;

    b.    the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

    c.    that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

16. Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice,

4

Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

17.   Specifically the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT, 15 USC 1692(f) (6)**

18.   Paragraphs 1-17 are incorporated by reference.

19.   Rushmore is a debt collector as defined by 15 USC 1692 et seq. Rushmore, since January 15, 2012, has committed a violation of the FDCPA, specifically 15 USC 1692e and 1692f and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

20.   Rushmore has used the following unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

21.    On or about August 24, 2012, Rushmore made to be filed a judicial action to evict the Plaintiff and the Plaintiff's Tenants on behalf of USA Residential, even though USA Residential had no present right to possession of the property and therefore no legal right to evict.  The Complaint is attached as Exhibit B.

22.    The facts alleged in this complaint establish that USA Residential never had the present right to possession of the property claimed as collateral through an enforceable security interest.

23.    Rushmore also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt.  Rushmore made false representations regarding the character and legal status of the debt, namely that it had been owned by UBS.  Rushmore has threatened, on behalf of USA Residential to evict the Plaintiff, actions which cannot be legally taken because a valid foreclosure did not occur.  A copy of this action is included in Exhibit B.

24.    The purported eviction action has occurred within one year of the filing of this complaint.

25.    The Plaintiff is entitled to statutory damages, actual damages, and attorney fees and costs for each violation of the FDCPA.

26.    Each action of Rushmore described above constitutes a separate violation of the FDCPA for which Rushmore is liable.


## COUNT IV
## INJUNCTIVE RELIEF

27.    Paragraphs 1-26 are incorporated by reference.

28.    As a result, the Defendants lacked standing to foreclose, to assign the mortgage, to transfer the note, or otherwise enforce the note or the mortgage.

29.    UBS did not own the mortgage or note at the time of the alleged foreclosure.

30.    As a result, the Defendants lacked standing to enforce the note or the mortgage and therefore to evict.

31.    The Plaintiff requires a Mandatory Injunction and Preliminary Injunction against all defendants to cease any attempts to commence or continue any illegal eviction action of USA Residential and Rushmore.

32.   USA Residential and Rushmore had no interest in the property, the mortgage, or the note, and thus had no standing to foreclose upon the mortgage of the Plaintiff, to enforce the note, to assign the mortgage, transfer the note, or evict from the property.

33.    The Plaintiff is being irreparably harmed by the illegal eviction actions of USA Residential and Rushmore.

34.    The Plaintiff has no other remedy at law but to seek the relief requested herein.  Equity favors the Plaintiff as she no adequate remedy at law.

**COUNT V**
**CLAIM FOR DAMAGES**

35.    Paragraphs 1-34 are incorporated by reference.

36.    USA Residential and Rushmore lacked standing to evict.

37.    The Owner of the Note and Mortgage in this case was the only party which could invoke power of sale, pursuant to the plain language of the mortgage.  The Defendants have conceded that StabFund owned the mortgage at the time of the alleged foreclosure.

38.    The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

39.    This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Court.

40.     This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

**WHEREFORE**, the Plaintiff prays that this Court:

A.      Issue a Declaratory Judgment that USA Residential does not own the property owned by the Plaintiff, located at 9 Jencks Road, Foster, Rhode Island 02825.

B.      Issue a Declaratory Judgment that UBS never owned or held the promissory note executed by the Plaintiff to New Century.

C.      Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiff were invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiff and invalidate the alleged foreclosure deed.

D.      Preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further eviction actions or collection action against the Plaintiff.

E.      Issue an Order to Quiet the Title of the Plaintiff and order that the alleged foreclosure is void ab initio.

F.      That the Plaintiff be awarded Compensatory and punitive damages, attorney fees and costs against all defendants jointly and severally for wrongful foreclosure and for creating interference with the Plaintiff's business relationship with his tenants, for recording fraudulent documents with the Foster recorder of Deeds and for seeking to collect regarding a note and mortgage, which they did not own.

G.      Award the Plaintiff statutory damages, compensatory damages, punitive damages, attorney fees and costs, and interest for each separate violation of the FDCPA by Rushmore.

H.     Award such others relief as this Court deems just and proper.

ANN MARIE DILIBERO
By her Attorney

January 18, 2013

JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230